IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PORCHA HILL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 24 C 341 ) |
| TARGET CORPORATION, | ) Judge Joan H. Lefkow ) ) |
| Defendant. | ) ) |

**OPINION AND ORDER**

Plaintiff, Porcha Hill, brings her Third Amended Complaint (TAC) against defendant, Target Corporation (Target), pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.* (Title VII), Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 *et seq.* (Section 1981), the Illinois Whistleblower Act, 740 Ill. Comp. Stat. 174 *et seq.* (IWA), and a state common law theory of retaliatory discharge.[1] In her TAC, Hill alleges that her former employer, Target, unlawfully subjected her to racial harassment (Count I) and discrimination (Count II), retaliation for reporting harassment and discrimination (Count III), and retaliation for reporting unsafe work conditions (Count IV). Target now moves to dismiss Hill's TAC in its entirety, with prejudice, pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. 50.) For the following reasons, this court grants Target's Motion to Dismiss Plaintiff's TAC.

**PROCEDURAL BACKGROUND**

On January 12, 2024, Porcha Hill initiated this lawsuit against Target, alleging myriad employment law violations in a sprawling, 497-paragraph complaint. Hill attached, as an exhibit

---

[1] This court has subject matter jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1367. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

to her January 12 complaint, her Right to Sue Letter from the Equal Employment Opportunity Commission ("EEOC"), which she received on November 27, 2023. Hill's initial complaint alleged that Target subjected her to racial discrimination and harassment; gender discrimination and violence; sexual discrimination, harassment, assault, and battery; and retaliation for engaging in various protected activities.

Three days later, on January 15, 2024, Hill made her first attempt at amending her pleadings, filing a 'motion' to amend her complaint. That filing—which included no argument, request for relief, or certificate of service—was merely an uploaded copy of Hill's Charge-related documents and her already-produced Right to Sue Letter from the EEOC.[2] Hill filed a new complaint that same day, which included the additional Charge-related documents contained in the 'motion.'

On January 22, 2024, Hill then filed another iteration of her complaint, this time a duplicate of her initial complaint, which excluded the additional Charge-related documents. But because Hill had filed all prior complaints without the appropriate filing fee or in forma pauperis application, as required under Local Rule 3.3, Hill's January 22, 2024 complaint—her third attempt at filing a complaint—was the first complaint properly before the court. It would not be the last.

On March 26, 2024, Target moved to dismiss Hill's January 22 complaint, asserting that it contained serious pleading deficiencies, including, *inter alia*, because the complaint failed to comport with the pleading requirements set forth under Federal Rule of Civil Procedure 8, failed to plausibly plead but-for causation as required under Section 1981, and pleaded Title VII claims that had not been administratively exhausted. The court then granted Hill a choice: Hill could

---

[2] The court subsequently terminated Hill's motion to amend her complaint on January 17, 2024, since the filing was, in fact, not a motion, but rather an exhibit uploaded as a motion.

2

"either file an amended complaint or respond to the motion to dismiss" by April 16, 2024. (Dkt. 21.) On April 16, 2024, Hill filed her First Amended Complaint ("FAC")—the fourth complaint Hill filed with the court. Hill's FAC totaled 100 pages, including three exhibits[3] and 513 numbered paragraphs.

Target again moved to dismiss Hill's claims, asserting that Hill's FAC contained the same deficiencies present in her prior complaints. Subsequently, on March 26, 2025, the court partially granted Target's motion to dismiss Hill's FAC based on the briefing presented to the court.[4]

In a detailed opinion, which identified serious deficiencies throughout Hill's FAC, the court dismissed Count V (a claim for battery and assault), with prejudice, and dismissed Counts II (a claim of sexual harassment), III (a failure to hire race discrimination claim), IV (a failure to hire sex discrimination claim), VI (a gender violence claim), VII (a claim of retaliation for reporting discrimination), and VIII (a retaliatory discharge claim), without prejudice. (*Id.*) The court also partially dismissed the remaining count, Count I (a claim of racial harassment), without prejudice. The court then directed Hill to file, by April 15, 2025, a Second Amended Complaint ("SAC"), which the court emphasized "shall set out in a 'short and plain' manner only facts pertinent to each claim." (Dkt. 39 at 27.)

---

[3] Closer review of the exhibits attached to Hill's FAC shows that Hill's FAC, which identifies only three exhibits, includes at least seven, and up to nine, exhibits. Exhibit 1 includes a Pre-Charge Inquiry, Charge of Discrimination, Amended Charge of Discrimination, and Notice of Right to Sue Letter. Exhibit 2 includes an overview of Hill's allegations, an additional copy of Hill's Charge of Discrimination, and a further analysis of Hill's allegations. Exhibit 3 comprises two position statements submitted on behalf of Target.

[4] The parties completed initial briefing on June 18, 2024. Thereafter, on June 28, 2024, Hill filed a Motion for Leave to File a Sur-Reply, seeking both to supplement her briefing and amend her FAC. Hill admitted, in her motion, that Target had "correctly pointed out that [Hill] did not submit her EEOC Initial Inquiry from August 26, 2022" and "that [Hill] failed to respond to certain arguments" made by Target, but Hill blamed these deficiencies on "an internal administrative error and miscommunication among Counsel's staff." (Dkt. 30 at 1.) On July 8, 2024, the court denied Hill's request, finding Hill's "admitted neglect … insufficient to justify another amendment or a sur-reply." (Dkt. 32.)

3

But on April 15, 2025, Hill filed a 110-page SAC, including five exhibits[5] and 474 numbered paragraphs. And although Hill's SAC no longer included the assault and battery claim previously dismissed with prejudice, Hill made virtually no changes to the remaining allegations, which had been dismissed, without prejudice, due to numerous deficiencies identified in the Court's detailed March 26 order. Accordingly, Target moved once more to dismiss Hill's complaint, arguing that Hill had "failed to correct the significant pleading deficiencies identified by this Court." (Dkt. 44 at 3; *see also* dkt. 43.)

On May 28, 2025, the court agreed with Target that Hill's largely duplicative SAC had failed to remedy the many pleading deficiencies previously identified in the court's March 26 order. As a result, the court dismissed, with prejudice, Counts II, IV, and V (sex harassment, sex discrimination, and gender violence claims, respectively); dismissed, with prejudice, the Title VII claims in Counts III and VI (failure to hire and retaliation claims, respectively); dismissed, without prejudice, Count VII (a retaliatory discharge claim) and the remainders of Counts III and VI (Section 1981 race discrimination and retaliation claims, respectively); and dismissed, without prejudice and in accordance with its prior order, Count I (a race harassment claim). The court further admonished Hill for re-pleading time barred claims that had been previously dismissed and for again filing a complaint that contained nearly 500 allegations after the court had already directed Hill to file "a short and plain statement of the case." (Dkt. 47 at 3.)

---

[5] As with Hill's FAC, closer review of the exhibits attached to Hill's SAC shows that Hill's SAC, which identifies only five exhibits, includes at least nine, and up to thirteen, exhibits. Exhibit 1 includes a Pre-Charge Inquiry, Charge of Discrimination, Amended Charge of Discrimination, and Notice of Right to Sue Letter. Exhibit 2 includes an overview of Hill's allegations, an additional copy of Hill's Charge of Discrimination, and a further analysis of Hill's allegations. Exhibit 2-A includes an email correspondence with an EEOC investigator and additional Charge-related materials. Exhibit 3 is two position statements submitted on behalf of Target. Exhibit 4, which is a duplicate of Exhibit 2-A, includes an email correspondence from the EEOC and further Charge-related information.

Nevertheless, the court granted Hill one more opportunity to file a well-pleaded complaint that would comply with the requirements of Federal Rule of Civil Procedure 8. But in so granting, the court emphasized that "if you can't do it on this third try, then I'm going to dismiss your case." (Dkt. 47 at 5-6.) The court then provided Hill with explicit instructions on filing a compliant TAC. The court guided Hill to consult a "practice book and find a model complaint" before drafting her TAC, remove irrelevant detail from the complaint, and include in her TAC "enough facts that would permit an inference of discrimination or harassment." (*Id.* at 5-8.) The court also provided assistance to Hill on pleading her Section 1981 claims by explaining that "to plead a Section 1981 claim, racial discrimination must be the determining factor." (*Id.* at 3.) Finally, the court expressly admonished Hill to not exceed 100 allegations in her TAC, stating that, "If you go over 100 allegations, I will be very upset with you." (*Id.* at 8.) Hill's attorney replied, "Understood, Judge," to this final directive. (*Id.*)

And yet on June 18, 2025, Hill filed a TAC with 140 numbered paragraphs. And although Hill's TAC generally removed the counts previously dismissed with prejudice, the remaining allegations, which had already been twice dismissed without prejudice, were largely unchanged from the previous pleadings. As such, Target moved once more to dismiss the entirety of Hill's TAC pursuant to Fed. R. Civ. P. 12(b)(6), arguing that Hill's TAC "again essentially realleges the same facts" and "ignores this Court's rulings with respect to pleading in the alternative, filing a 'short and plain statement of the case', and dismissing her time-barred race-based Title VII claims." (Dkt. 51 at 3.) The parties have now fully briefed Target's fourth motion to dismiss Hill's complaint.

5

## **LEGAL STANDARD**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests whether the complaint states a claim on which relief may be granted." *Richards* v. *Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012); *see also* Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft* v. *Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 570 (2007)). When ruling on a Rule 12(b)(6) motion, a court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in a plaintiff's favor. *See Sung Park* v. *Ind. Univ. Sch. of Dentistry*, 692 F.3d 828, 830 (7th Cir. 2012); *see also Evans* v. *U.S. Postal Serv.*, 428 F. Supp. 2d 802, 804–05 (N.D. Ill. 2006) (citation omitted), *aff'd*, 219 F. App'x 527 (7th Cir. 2007). But nevertheless, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Cincinnati Life Ins. Co.* v. *Beyrer*, 722 F.3d 939, 946 (7th Cir. 2013) (citing *Iqbal*, 556 U.S. at 678).

Furthermore, under Federal Rule of Civil Procedure 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pursuant to Rule 8, parties are required to "make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." *U.S. ex rel. Garst* v. *Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003). Accordingly, "where the lack of organization and basic coherence renders a complaint too confusing to determine the facts that constitute the alleged wrongful conduct, dismissal is an appropriate remedy." *Stanard* v. *Nygren*, 658 F.3d 792, 798 (7th Cir. 2011). Moreover, courts are entitled to dismiss a claim with prejudice "where the plaintiff has repeatedly failed to remedy the same deficiency." *General Elec. Capital Corp.* v. *Lease Resolution Corp.*, 128 F.3d 1074, 1085 (7th Cir. 1997).

**ANALYSIS**

The requirement that plaintiffs plead their claims in "short and plain statement[s]," Fed. R. Civ. P. 8(a)(2), serves a notice function. By limiting a plaintiff's pleading to short and plain statements, Rule 8 helps ensure that a plaintiff's pleading puts the defendant on fair notice of the claims raised against them and the grounds on which they rest. *See Twombly*, 550 U.S. at 555 (citation omitted). As a result, pursuant to Rule 8, courts may dismiss pleadings that are so disorganized and incoherent that a defendant is denied fair notice. *See Nygren*, 658 at 798. And although Federal Rule of Civil Procedure 15(a)(2) directs courts to "freely give leave [to amend a pleading] when justice so requires," the court may further deny such leave where there exists "undue delay, bad faith or dilatory motive on the part of the movant, *repeated failure to cure deficiencies by amendments previously allowed*, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *King* v. *Kramer*, 763 F.3d 635, 643-44 (7th Cir. 2014) (citation omitted) (emphasis added). In such cases, dismissal, with prejudice, is warranted. *See General Elec. Capital Corp.*, 128 F.3d at 1085.

Upon review of the latest briefing on this matter and the parties' previous filings, the court agrees with Target that Hill's lengthy and ambiguous TAC continues to be riddled with the same deficiencies that this court has already identified. Although Hill's TAC *mostly* omits the counts previously dismissed with prejudice, a comparison of Hill's 140-paragraph TAC against her prior complaint reveals the limits of Hill's revisions: Hill has essentially realleged the rest of her SAC with only minor changes made to the remaining counts. But the court dismissed, without prejudice, those remaining counts based on serious substantive deficiencies, which Hill's minor alterations have not cured. And in some cases, Hill's haphazard editing has compounded

the substantive defects in her pleadings. Hill's TAC remains far from "short and plain." (*See* dkt. 45.)

I. **Hill's TAC Compounds the Pleading Deficiencies in Her Section 1981 Claims**

For example, Hill has again realleged, pursuant to Section 1981, racial harassment (Count I), racial discrimination (Count II), and retaliation (Count III), with few changes made to the allegations in those counts. But Hill's SAC included "all kinds of determining factors" for the adverse actions she alleged, a pleading deficiency for Section 1981 claims. (Dkt. 47 at 3.) Thus, to aid Hill in filing a well-pleaded complaint, the court explained to Hill the proper standard for pleading Section 1981 claims, as set forth in *Comcast Corp.* v. *Nat'l Ass'n of Afr. Am.-Owned Media*, which is that "[t]o prevail, a plaintiff must *initially plead* and ultimately prove that, *but for race*, it would not have suffered the loss of a legally protected right." 589 U.S. 327, 341 (2020) (emphasis added).

And yet, despite this guidance, Hill's TAC includes no new allegations that clarify that race was the but-for cause of the adverse actions she alleges. Instead, Hill's TAC has compounded the issues with causation in her pleadings by now "incorporat[ing] all preceding and subsequent paragraphs" (dkt. 46 ¶¶ 62, 97, 106, 123), despite alleging a wholly different determining factor in her Count IV, namely, retaliation based on an anonymous OSHA complaint.

Hill also confusingly relies on the same allegations to support both her Section 1981 harassment and discrimination claims and her OSHA-related retaliatory discharge claim, which further calls into question what Hill believes caused the alleged adverse actions taken against her. (*Compare, e.g., id.* ¶ 94) (describing, in support of her Section 1981 claim, that "Lead Warehouse Associate, Diana, requested that Plaintiff go through the trash with her bare hands

with full awareness of the notably and unusually dirty nature of the contents on that day") (*with id.* ¶ 135.) (stating, in support of her unrelated state law claim, that "Diana's action [*sic*] amount to harassment as a result of the OSHA complaint ….") Hill's confusing position on causation is only clarified in Hill's briefing, where Hill states that, "[Hill] believed [her treatment] was because of her race *and* complaints to HR and OSHA." (Dkt. 54 at 9.) (emphasis added). This is, simply put, not "but-for" causation.[6] *See Singmuongthong* v. *Bowen*, 77 F.4th 503, 507 (7th Cir. 2023) (citation omitted) ("In order to succeed on a § 1981 claim, as opposed to a claim under Title VII, a plaintiff has the burden of showing that race was a but-for cause of the injury."); *James* v. *City of Evanston*, No. 20-CV-00551, 2021 WL 4459508, at *10 (N.D. Ill. Sept. 29, 2021) (finding plaintiff had failed to show but-for causation where allegations pointed to "an independent motivation capable of standing apart from racially discriminatory animus"); *Piccioli* v. *Plumbers Welfare Fund Loc. 130, U.A.*, No. 19-CV-00586, 2020 WL 6063065, at *6 (N.D. Ill. Oct. 14, 2020) ("[A] plaintiff cannot survive a motion to dismiss upon a showing that racial discrimination was one factor among many in a defendant's decision. Racial discrimination must be the determining factor.").

## II. Hill's State Law Retaliation Claims Remain Bare Bones and Implausible

Previously identified defects in Hill's state law retaliation claim also remain. Count IV of Hill's TAC realleges retaliatory discharge in violation of the IWA and Illinois common law based on an anonymous OSHA complaint made by Hill regarding safety issues at Hill's workplace. But, in previously dismissing, without prejudice, Hill's retaliatory discharge claim

---

[6] In support of her contention that she has sufficiently pleaded 'but for' causation for purposes of her Section 1981 claims, Hill cites again to *Thomas* v. *JBS Green Bay, Inc.*, 120 F.4th 1335 (7th Cir. 2024). But *Thomas*, which concerns the pleading requirements for Title VII claims, is inapposite. *See id.* at 1337. The pleading standards for Title VII race discrimination claims and Section 1981 claims are not identical. *See Comcast Corp.*, 589 U.S. at 337–38 ("Title VII was enacted in 1964; this Court recognized its motivating factor test in 1989; and Congress replaced that rule with its own version two years later. Meanwhile, § 1981 dates back to 1866 and has never said a word about motivating factors.").

under the IWA and Illinois common law, the court found that the bare-bones nature of Hill's retaliation claim, and the lengthy time period between the alleged protected activity and the alleged retaliation, did not support a plausible inference that Hill's OSHA complaint caused her termination. Despite this, Hill's TAC includes no substantive additions that would make her previously implausible claim now plausible. Again, the same deficiencies remain, warranting dismissal with prejudice. *See Marijan* v. *Univ. of Chicago*, No. 17-CV-9361, 2018 WL 6604967, at *6–7 (N.D. Ill. Dec. 17, 2018) (dismissing, with prejudice, plaintiff's retaliation claim where "[a]s we previously held, there [was] no reasonable inference of causation here because of the lengthy time gap between the protected activity and the adverse employment action").

### III. Hill Has Realleged Conclusional Allegations Without Providing Further Support

Hill's TAC also repeats the same conclusional allegations the court previously found insufficient to state her claims of discrimination and harassment. Hill continues to allege, for instance, that she "was treated worse and differently from her other, non-black coworkers," (dkt. 46 ¶ 105), and that "[Target] denied [Hill] jobs, promotions, transfers, and reassignments because of her race." (*Id.* ¶ 103.) But Hill's conclusional allegations have not been augmented with any new factual allegations that would lend them support, and the court is not required to take Hill's conclusional allegations at face value. *See Iqbal*, 556 U.S. at 686 (courts are not required to "credit a complaint's conclusory allegations without reference to its factual context"). Thus, these allegations also remain insufficient.

### IV. The Title VII Claims Previously Dismissed, With Prejudice, Appear to Have Been Realleged

Worse yet, Hill's TAC appears to be a veiled attempt to replead claims already dismissed with prejudice by the court. As the court explained in detail in its prior ruling, Hill's Title VII

failure to hire (disparate treatment) and retaliation claims did not relate back to her April 23, 2023 Charge of Discrimination ("Charge"), and thus she had failed to administratively exhaust those claims. (*See* dkt. 39 at 17-20.) (quoting *Cervantes* v. *Ardagh Grp.*, 914 F.3d 560, 565 (7th Cir. 2019)) ("To survive exhaustion, Hill's First Amended Complaint must, at minimum, 'describe the same circumstances and participants.'"). As such, those time-barred claims were dismissed, without prejudice, in the court's initial order on Hill's FAC. Then, after Hill realleged these claims in her SAC with virtually no changes made to the allegations contained therein, the court dismissed, with prejudice, these claims for the same reason provided in its initial order: Hill had failed to administratively exhaust these Title VII claims. Despite this, Hill has kept failure to hire allegations and retaliation allegations in Count I, her remaining Title VII claim. Further, Hill's briefing suggests that Hill intended for these allegations to resurrect her previously dismissed Title VII claims.

The court previously found, in dismissing Hill's Title VII failure to hire (disparate treatment) claim, that Hill's "failure-to-hire allegations do not … describe the same circumstances surrounding the harassing conduct outlined in Hill's Charge. Hill's discrimination claim therefore is not reasonably related to the allegations in her Charge." (Dkt. 39 at 18.) The court similarly dismissed Hill's Title VII retaliation claim as unrelated to Hill's Charge, stating here that "[a]lthough Hill checked the 'Retaliation' box, this alone is insufficient to survive exhaustion." (*Id.* at 19.)

Nevertheless, Hill continues to allege in her remaining Title VII claim that, for example, she "applied for at least nine different positions with [Target], for which she was rejected without consideration," (dkt. 46 ¶ 77), and "[t]hat following her various reports to management and HR, her Supervising Manager [] began to assign [her] an increasing number of tasks," (*id.* ¶ 96)—

11

precisely the types of allegations the court found to be unrelated to her Charge. Additionally, Hill argues in her Response to Target's Motion to Dismiss Hill's TAC that "her perfected charge … alleged racial harassment, *disparate treatment*, and *retaliation*," (dkt. 54 at 9) (emphasis added), and that "[a]ll of [Hill's] claims are related to claims made in her unperfected and perfected charges with the EEOC … preserving all claims in [Hill's] complaint." (*Id.* at 10.) Hill's argument here blatantly ignores the court's prior rulings to the contrary. Further, it indicates that the inclusion of the failure to hire and retaliation allegations is an attempt to reallege claims previously dismissed, with prejudice. This is improper.

V.      **The Court's Clear Instructions Have Been Ignored**

In the end, Hill's TAC still contains well over 100 numbered paragraphs despite the court expressly admonishing her to not exceed that number. And despite the court's order to include in her TAC "only facts pertinent to each claim" (dkt. 45.), the TAC is still replete with irrelevant allegations that muddy the bases for Hill's claims. (*See, e.g.*, dkt. 46 ¶ 10) ("That [Hill] was diagnosed with asthma at birth and suffered severe complications related to her asthma at the age of six months, and her issues related to asthma continue through the present date."). As a comparison of Hill's TAC against her SAC confirms, the revisions Hill has made to her TAC merely repeat, or compound, the many pleading deficiencies from her prior complaints. Accordingly, the substantive changes requested by the court, and the extensive efforts by the court to assist Hill in drafting a well-pleaded complaint, have been ignored. Here, "the size of [Hill's] complaint [has been] shrinking, but the quality of what [has] remained [has] not improv[ed]." *See Airborne Beepers & Video, Inc.* v. *AT & T Mobility LLC*, 499 F.3d 663, 666 (2007). Hill's failure to comply with the court's clear directives is inexcusable. The court sees no reason to continue this futile cycle by allowing one more pleading.

12

In the end, Hill's failure to remedy the same deficiencies previously identified by the court has amounted to a waste of the court's limited resources. No doubt, Target has also expended considerable time and expense in responding to Hill's deficient complaints. "But pleading is not like playing darts: a plaintiff can't keep throwing claims at the board until she gets one that hits the mark." *Doe* v. *Howe Mil. Sch.*, 227 F.3d 981, 990 (7th Cir. 2000) (citation omitted). Accordingly, the court concludes that, at this late juncture, dismissal with prejudice is warranted.

## CONCLUSION AND ORDER

For the reasons stated above, Target's motion to dismiss is granted. Hill's TAC is dismissed in its entirety, with prejudice.

Date: October 30, 2025

_____
U.S. District Judge Joan H. Lefkow

13